

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

TM:SEF

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

September 30, 2010

By ECF and Hand

The Honorable Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: United States v. Vito Pipitone
    Criminal Docket No. 09-672 (S-1) (NGG)

Dear Judge Ross:

  The government respectfully submits this letter in opposition to the defendant's request to modify the conditions of his bond to permit him to travel to Atlantic City for the weekend.

  The defendant is an associate of the Bonanno crime family.  His brother, Anthony Pipitone, is an acting captain in the Bonanno family.  On August 3, 2010, both the defendant and his brother pled guilty to two counts of the above-captioned superseding indictment charging them with assault in aid of racketeering.  The charges arose out of the October 2004 stabbing of two young men in Whitestone, Queens who the defendants believed were responsible for breaking the windows of a restaurant associated with Bonanno soldier Paul Spina.  Both victims sustained serious injuries and were hospitalized, one with a punctured lung that required him to be admitted to the intensive care unit.  The defendant is scheduled to be sentenced before the Hon. Nicholas Garaufis on November 19, 2010.

  Pursuant to 18 U.S.C. § 3143(a)(2), the defendant, having been found guilty of a crime of violence, "shall . . . be detained" unless the Court either finds that there is a substantial likelihood that a motion for a new trial or acquittal will be granted, or the government recommends that no sentence of imprisonment be imposed, <u>and</u> the Court finds by clear and convincing evidence that the defendant is not likely to flee or

pose a danger to the community.  Because there is no likelihood of a new trial or acquittal in this case, and because the government does not intend to recommend that no sentence of imprisonment be imposed, Section 3143 requires that the defendant be detained pending sentencing.

In this case, in lieu of remanding the defendant at the time of his plea, the Court continued the conditions of the defendant's bail, including home detention with electronic monitoring, with permission to leave for work-related activities. In addition, the Court ordered the defendant to avoid all contact with members and associates of organized crime.

In view of the nature of the defendant's crime, and the requirements of Section 3143, the government opposes the defendant's request that he be permitted to spend the weekend in Atlantic City for reasons unrelated to work.

         Respectfully submitted,

         LORETTA E. LYNCH
         United States Attorney

     By: /s Stephen E. Frank
        Stephen E. Frank
        Nicole Argentieri
        Gina Parlovecchio
        Assistant U.S. Attorneys

cc:   Joseph Mure, Esq. (By ECF)