

**U.S. Department of Justice**

*United States Attorney
Eastern District of New York*

EAG:SEF

*271 Cadman Plaza East
Brooklyn, New York  11201*

November 29, 2010

By ECF and Hand

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Vito Pipitone
         Criminal Docket No. 09-672 (S-1) (NGG)

Dear Judge Garaufis:

    The government respectfully submits this letter regarding the defendant Vito Pipitone's sentencing, which is scheduled for November 30, 2010.  On August 3, 2010, both the defendant, an associate of the Bonanno crime family of La Cosa Nostra (the "Bonanno family"), and his brother, Anthony Pipitone, an acting captain with the Bonanno family, pled guilty to two counts of assault in aid of racketeering.

    The Probation Department has determined that the defendant's adjusted offense level is 23 and his Criminal History Category is I, resulting in an advisory Sentencing Guidelines range of 46 to 57 months.  (PSR ¶ 109).  As the defendant correctly sets forth in his sentencing letter, however, the government's estimate of the applicable Guidelines level, as set forth in the plea agreement, incorporated an additional two-point adjustment for the defendant's minor role in the offense.  In addition, the government believes that the defendant should receive a one-point "global" adjustment pursuant to U.S.S.G. § 5K2.0 and paragraphs 2 and 7 of the plea agreement.  Accordingly, the government believes that the appropriate adjusted offense level is 20, which carries a sentencing guidelines range of 33 to 41 months.  See Plea Agreement ¶ 2 (stipulating to Guidelines calculation).

    As set forth in the Pre-Sentence Investigation Report, the charges to which the defendant pled guilty arose out of an

October 2004 knife attack on two young men in Whitestone, Queens, who the defendant and his co-conspirators believed were responsible for breaking the windows of a restaurant associated with Bonanno family soldier Paul Spina. Both victims sustained serious injuries in the stabbing and were hospitalized, one with a punctured lung that required him to be admitted to the intensive care unit. In light of the seriousness and brutality of the crime, the government submits that a sentence within the advisory Guidelines range is appropriate and that the defendant's request for a sentence below that range should be rejected. (Def. Mem. at 2).

Notably, in characterizing himself as an "otherwise law abiding" individual who was guilty of only "a single incident on a single day," (id. at 3), the defendant overlooks his long association with the Bonanno family, a violent criminal enterprise with a long history of committing violent crimes such as the brutal assault to which the defendant pled guilty. Indeed, the assault to which the defendant pled guilty is emblematic of the violence and lawlessness associated with organized crime, and the defendant must be held accountable. The defendant was a direct participant in that vicious attack, which was committed to enforce respect for the Bonanno family and to avenge a perceived wrong against one of its members. Its result – the hospitalization of two young men with life-threatening injuries – could easily have been far worse.

The defendant's family circumstances also do not justify a below-Guidelines sentence. A sentencing court may consider circumstances related to family ties and relationships as a basis for a downward departure pursuant to § 5H1.6 of the Guidelines only when such circumstances are "extraordinary." See United States v. Galante, 111 F.3d 1029, 1033 (2d Cir. 1997) (citing United States v. Sharpsteen, 913 F.2d 59, 63 (2d Cir. 1990)). The Second Circuit has held that the central inquiry in a "family circumstances departure" is whether the defendant's family is "uniquely dependent on the defendant's ability to maintain existing financial and emotional commitments." United States v. Faria, 161 F.3d 761, 762 (2d Cir. 1998) (citations omitted). Courts generally discourage such departures, however, because the Sentencing Commission has deemed a defendant's familial and financial circumstances to be generally irrelevant in the context of sentencing. See Galante, 111 F.3d at 1034 (citing Koon v. United States, 518 U.S. 81, 95 (1996)).

Here, the defendant's family circumstances are in no way "extraordinary" or even unusual. Pipitone has no dependents, he is not the primary "caretaker" of anyone, and he fails to establish how his circumstances are in any way "extraordinary."

Instead, Pipitone's family members face the same difficulties and hardships that family members of every criminal defendant face when confronted with a term of incarceration. Courts have routinely held, however, that the imposition of "hardship" as a result of a defendant's imprisonment is not a basis for a downward departure based on family circumstances. See Faria, 161 F.3d at 762 (downward departure based on family circumstances denied because "the financial and emotional consequences of [the defendant's] incarceration [were] no greater than those faced by most criminal defendants who have a family"); see also United States v. Johnson, 964 F.2d 124, 128 (2d Cir. 1992) (disruption of defendant's life and difficulties for those who depend on defendant are "inherent in the punishment of incarceration").

  For the foregoing reasons, the government respectfully requests that the defendant be sentenced within the advisory Guidelines range of 33 to 41 months.

          Respectfully submitted,

          LORETTA E. LYNCH
          United States Attorney

      By: /s/ Stephen E. Frank
         Stephen E. Frank
         Nicole Argentieri
         Gina Parlovecchio
         Assistant U.S. Attorneys

cc: Joseph Mure, Jr., Esq. (By ECF)